UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTI T. MORRELL, | Case No. 2:19-CV-765 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| ANDREW SAUL, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Weksler's report and recommendation ("R&R") granting the defendant Andrew Saul's ("the commissioner") [1] cross-motion to affirm, (ECF No. 18), and denying plaintiff's motion for remand, (ECF No. 15). (ECF No. 20). Plaintiff Christi T. Morrell objected to the R&R. (ECF No. 21). The commissioner responded. (ECF No. 22).

**I.   Background**

The parties do not object to the magistrate judge's statement of facts. (ECF Nos. 21, 22). Thus, the court adopts them as presented in the R&R. This court appends the procedural background of this matter here:

> On October 4, 2013, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of April 3, 2012. AR2 851–52. On October 7, 2013, Plaintiff applied for supplemental security income under Title XVI of the Act, also alleging an onset date of April 3, 2012. AR 853–61. Her claim was denied initially and on reconsideration. AR 706–13; 716–27. A hearing was held before an Administrative Law Judge ("ALJ") on October 5, 2015. AR 539– 54. On November 23, 2015, the ALJ

---

[1] Nancy Berryhill was the named defendant while she was Acting Commissioner of the Social Security Administration. (*See* ECF Nos. 21; 22). Andrew Saul is now Commissioner of the Social Security Administration and is defending this suit accordingly. (ECF No. 23).

**James C. Mahan**
**U.S. District Judge**

> issued a decision finding that Plaintiff was not disabled. AR 683–94.
>
> The Appeals Council granted Plaintiff's request for review on March 31, 2017. AR 700– 03. A new hearing was held before a different ALJ on December 15, 2017. AR 555–82. On August 9, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 166–81. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on February 28, 2019. AR 1–7. Plaintiff, on May 3, 2019, timely commenced this action for judicial review under 42 U.S.C. § 405(g). (See IFP App. (ECF No. 1).)

(ECF No. 20). All other relevant facts are detailed in this order's discussion as necessary to explain the court's holding.

## II.  Legal Standard

### A. *Report and Recommendation*

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B); LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations.  Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

The magistrate judge's report and recommendation has correctly stated the law, (ECF No. 20); this court adopts and restates it here:

### B. *Standard of Review for Administrative Social Security Decisions*

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).* Section 405(g) provides:

**James C. Mahan**
**U.S. District Judge**

- 2 -

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

**James C. Mahan**
**U.S. District Judge**

- 3 -

It is also incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

*C. Disability Evaluation Process*

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. Id. § 404.1572(a)–(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

James C. Mahan
U.S. District Judge

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire

**James C. Mahan**
**U.S. District Judge**

- 5 -

case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

### III. Discussion

In a well-articulated decision, (ECF No. 20), Magistrate Judge Weksler recommends that this court deny plaintiff's motion to remand, (ECF No. 15), and grant defendant's cross-motion to affirm, (ECF No. 18). Plaintiff argues that the magistrate judge's determination should be rejected for four reasons: 1) "the magistrate judge applied an improper legal standard when reviewing the ALJ's rejection of Dr. Rosenman's Opinion"; 2) the magistrate judge "erred in finding that the ALJ properly addressed listing 12.04"; 3) "the magistrate judge failed to credit plaintiff's improperly rejected testimony"; and 4) "the magistrate judge improperly found the ALJ's step five finding was supported by substantial evidence." (ECF No. 21). This court disagrees. Reviewing *de novo*, this court addresses each issue in turn and adopts the instant report and recommendation. (ECF No. 20).

James C. Mahan
U.S. District Judge

Plaintiff's first argument—that the magistrate judge "applied an improper legal standard when reviewing the ALJ's rejection of Dr. Rosenman's opinion"—glosses over the Ninth Circuit's rule on "specific and legitimate reasons." (ECF No. 21). Plaintiff relies on the notion that, "when the opinion of a non-examining doctor is the only opinion which contradicts the treating doctor's opinion, the treating doctor's opinion is considered uncontradicted, because the non-examining doctor's opinion is not substantial evidence." (*Id.*). However, in this circuit, the ALJ may discount the treating physician's opinion by giving "specific and legitimate reasons" that are supported by substantial evidence in the record, "if the treating doctor's opinion is contradicted by another doctor." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (internal citations omitted).

The instant case presents a situation appropriate for the "specific and legitimate reason" standard. (ECF No. 20). Dr. Rosenman's opinion was contradicted by the opinions of non-examining state physicians. (*Id.*). Indeed, the opinions of these non-examining physicians are consistent with the record, and thus may constitute substantial evidence. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Judge Weksler proceeded to correctly apply this standard. The ALJ's opinion stated one "specific and legitimate" reason for discounting Dr. Rosenman's opinion, rendering his other erroneous reasons harmless, *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error is harmless where it is "inconsequential to the ultimate nondisability determination"):

> "Specifically, treatment notes routinely show that when compliant with treatment, the claimant has normal mental status examination findings" and [the ALJ] cites to six progress notes relating to individual and group counseling sessions at Southern Nevada Adult Mental Health Services, two treatment notes from HealthCare Partners Medical Group relating to neck pain and a thumb injury, and a discharge summary following Plaintiff's hospitalization at Valley Hospital Medical Center Behavior Health from August 16–23, 2015.

(ECF No. 20 (citing AR 178)). This court concurs with Judge Weksler's assessment that "these reasons for rejecting Dr. Rosenman's opinion are specific and legitimate." (*Id.*). The ALJ's

**James C. Mahan**
**U.S. District Judge**

- 7 -

findings are supported by "inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"). Indeed, the administrative record contains sufficient evidence to support the ALJ's factual determinations. Although plaintiff cites her "repeated psychiatric hospitalizations," the relevant treatment notes show normal mental status findings when she was compliant with her medications in the normal course of treatment. (ECF No. 21).

Because this court adopts Judge Weksler's recommendation to affirm the ALJ's evaluation of Dr. Rosenman's opinion, this court rejects plaintiff's argument that the magistrate judge erred in finding that the ALJ properly addressed listing 12.04. (ECF No. 21). Plaintiff argues that "Dr. Rosenman's opinion, when properly considered, establishes that [she] has extreme limitations . . . meeting the 'B' criteria in Listing 12.04 and establishing Listing level impairment." (*Id.*). Plaintiff does not present evidence other than Dr. Rosenman's opinion to combat the ALJ's finding. She does not otherwise address the ALJ's evidentiary findings nor challenge the ALJ's reasoning. (*Id.*). Thus, this court adopts Judge Weksler's recommendation to reject plaintiff's step three challenge.

Plaintiff next argues that the magistrate judge "failed to credit plaintiff's improperly rejected testimony." (ECF No. 21). However, this court finds that the ALJ did not improperly reject plaintiff's testimony; an ALJ "may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting," and that "[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." (ECF No. 20 (citing *Molina*, 674 F.3d at 1112)).

Substantial evidence in the record supports the ALJ's conclusion on this point. The record demonstrates that plaintiff's activities, such as going to the gym and traveling to Utah and Texas, undermined plaintiff's claims that she had difficulty leaving home or caring for herself. Plaintiff also made statements to her treatment providers that contradicted her claims. When

James C. Mahan
U.S. District Judge

- 8 -

"[t]he ALJ's finding is supported by substantial evidence, the court 'may not engage in second-guessing.'" *Tommasetti*, 533 F.3d at 1039. Plaintiff's objection is overruled. (ECF No. 21).

Finally, plaintiff argues that the magistrate judge improperly found the ALJ's step five finding was supported by substantial evidence. The parties agreed that the ALJ erred in finding that plaintiff could work as a "mail clerk," but that error is harmless because the ALJ identified two other jobs that plaintiff could perform. *See Hernandez v. Berryhill*, 707 F. App'x 456, 458 (9th Cir. 2017). Plaintiff's only objection to the ALJ's step five determination is that the hypothetical presented to the vocational expert did not contain all limitations as necessary due to the ALJ's determinations on Dr. Rosenman's opinion and plaintiff's testimony. (ECF No. 21). However, this court has already found that the ALJ's treatment was proper. There was no error in the hypothetical presented to the vocational expert. Thus, this court finds no reason to diverge from Judge Weksler's recommendation. (ECF No. 20).

Upon reviewing the administrative records and underlying briefs, the magistrate judge's findings are adopted in full. (ECF No. 20). Plaintiff's motion to remand, (ECF No. 15), and the commissioner's countermotion to affirm, (ECF No. 18), are adjudicated accordingly.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Weksler's R&R (ECF No. 20) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion to remand (ECF No. 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the commissioner's cross motion to affirm (ECF No. 18) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED January 27, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -